UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYAN P. O'BOYLE,

                Plaintiff,

v.                                      Case No. 16-cv-959-pp

GILBERT CARRASCO,
BARBARA O'LEARY,
KRISTOPHER M. MADUSCHA,
MICHAEL A. ANTONIAK,
MARY SCHMITZ,
JAMES C. GRIFFIN,
DENNIS R. CIMPL,
DERRICK L. HARRIS,
EDWIN L. JOHNSON, and
GLENN YAMAHIRO,

                Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PAYMENT OF THE FILING FEE (DKT. NO. 2), TERMINATING PLAINTIFF'S MOTION TO SCREEN COMPLAINT (DKT. NO. 8), GRANTING PLAINTIFF'S REQUEST TO STAY CASE (DKT. NO. 9) AND ADMINISTRATIVELY CLOSING CASE**

---

      The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights during his arrest and criminal prosecution in Milwaukee County. Dkt. No. 1. He also has filed a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, although he has paid $350.00 toward that filing fee. The plaintiff filed a motion asking the court to screen the complaint, dkt. no. 8, but then asked the court to wait to screen the complaint until he learns the

1

outcome of a post-conviction motion he filed in state court last month regarding his criminal case, dkt. no. 9. This order resolves all of those motions, and dismisses the case.

I.  Motion for Leave to Proceed without Prepayment of the Filing Fee

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions.

On July 26, 2016, the court ordered the plaintiff to pay an initial partial filing fee of $24.37. Dkt. No. 5. Lee than a month later, the court received a $350.00 payment—the full amount of the filing fee. The fact that the plaintiff has paid the filing fee, however, does not moot the plaintiff's motion. Prisoners who do not receive leave to proceed without prepaying the filing fee also must pay a $50 administrative fee, and must serve their complaints themselves. The plaintiff has disclosed that he has an account containing $950; if the court does not grant his request to proceed without prepaying the filing fee, he would have to use some of that small amount of money to pay the $50 administrative fee and to hire someone to serve his complaint. The court does not expect the plaintiff to spend all of his money to file a lawsuit, especially when the court finds that he has met the qualifications for proceeding without prepaying the filing fee under 28 U.S.C. §1915. The court will grant the plaintiff's motion, and note that he has paid the entire applicable filing fee.

## II. Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

The plaintiff filed his complaint on July 20, 2016; the court should have screened his complaint within a reasonable time after that. The court neglected to timely and promptly screen the complaint, so on August 4, 2017, the plaintiff filed a motion asking the court to screen the complaint. Dkt. No. 8. Almost three months later, though, the plaintiff filed a letter asking the court to wait to screen his complaint until he receives a determination regarding a post-conviction motion he filed in state court, collaterally attacking his criminal conviction. Dkt. No. 9. According to the plaintiff, he filed that motion around October 13, 2017. Id.

This request effectively withdrew the plaintiff's motion asking the court to screen the complaint, so the court will terminate that motion. The court will grant the plaintiff's request to stay this case pending the state court's decision on his post-conviction motion. The court will administratively close this case to give the plaintiff time to finish up in state court, and will give the plaintiff directions directions for asking to lift the stay once the state proceedings are finished.

This outcome is consistent with Younger v. Harris, 401 U.S. 37 (1971), which "holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013) (citing SKS & Assocs., Inc. v. Dart, 619 F.3d 674, 677 (7th Cir. 2010)). Deciding the plaintiff's claims in federal court could undermine his state court proceeding, and the Seventh Circuit recommends that the court stay the federal case, rather than dismissing the case altogether, because monetary relief is not available in defense of criminal charges and federal civil claims could become time-barred while the criminal case is pending. Gakuba, 711 F.3d at 753.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **TERMINATES** the plaintiff's motion to screen complaint. Dkt. No. 8.

The court **GRANTS** the plaintiff's request to stay this case, dkt. no. 9, and **ADMINISTRATIVELY CLOSES** the case. Within thirty (30) days of the date the highest state court issues a final decision on his post-conviction motion, the plaintiff should file a motion in *this* court—bearing the case number of this case—asking the court to reopen his case and screen his complaint.

Dated in Milwaukee, Wisconsin this 27th day of November, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**