# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RYAN P. O'BOYLE,**

       **Plaintiff,**

   **v.**                      **Case No. 16-cv-959**

**GILBERT CARRASCO,** *et al.*,

       **Defendants.**

---

## ORDER

---

Ryan P. O'Boyle is a Wisconsin state inmate and is representing himself on claims relating to his arrest, interrogation, and detention following his participation in a stabbing at the Summerfest grounds in 2011. After screening, Chief Judge Pamela Pepper referred this case to me to handle pretrial matters. Presently before me is a letter from the stabbing victim, Ricardo Moran, which I have interpreted as a motion to quash a subpoena. O'Boyle served Moran with a subpoena asking Moran to provide a copy of his driver's license or state identification, as well as samples of his signature.

Moran is not a party in this lawsuit. Though O'Boyle named Moran in his complaint, Chief Judge Pepper dismissed Moran because he was not a proper party under 42 U.S.C. § 1983, which allows individuals to sue state actors (which Moran, the victim of the crime, is not). As a result, Chief Judge Pepper denied O'Boyle's request for subpoenas to get handwriting samples from Moran (and two others). Despite this ruling, O'Boyle sent the subpoena to the victim anyway.

I appreciate that O'Boyle believes that he needs Moran's signature to prosecute his case. But Chief Judge Pepper's reasoning for denying his request for the subpoenas at screening still stands:

> The court will deny the plaintiff's requests for subpoenas. A §1983 case allows a plaintiff to sue for damages for violations of his constitutional rights. As the court discussed above, it does not allow him to try to invalidate his conviction, or to prove that he should not have been convicted. The court has dismissed Harris, Martinson and Moran as defendants, and it has explained that as to Harris and Moran, it cannot see how signature samples from them would prove the plaintiff's claims of constitutional violations.

(Docket # 19 at 28.)

I will quash the subpoena O'Boyle sent to Moran. And I will also remind O'Boyle that, absent a court revoking its own order, an order denying a request is still in effect regardless of how much time has passed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that movant Ricardo Moran's motion to quash (Docket # 24) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 25th day of November, 2019.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge