UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYAN P. O'BOYLE,

                Plaintiff,

v.                                              Case No. 16-cv-959-pp

GILBERT CARASSCO, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 21)**

---

Ryan P. O'Boyle is a Wisconsin state prisoner and is representing himself. He filed this lawsuit in July 2016, dkt. no. 1, then asked the court to delay screening his complaint until the state court decided a then-pending post-conviction motion, dkt. no. 9. The court granted that request and stayed the case. Dkt. No. 10. In April 2018, the plaintiff told this court that the state court had ruled and asked this court to lift the stay and reopen his case. Dkt. No. 11. In July 2018, the plaintiff filed a motion to amend his complaint (but did not include a proposed amended complaint). Dkt. No. 14. He filed an amended complaint in September 2018, along with a motion to appoint counsel. Dkt. Nos. 15, 16.

In March 2019, the court issued an order lifting the stay, reopening the case, screening the amended complaint and denying the plaintiff's motion to appoint counsel. Dkt. No. 19. The court allowed the plaintiff to proceed on several claims: an illegal arrest claim against defendants Barbara O'Leary,

1

Gilbert Carassco, Kristopher M. Maduscha and Michael A. Antoniak; a claim against Mary Schmitz for unlawfully detaining him without a timely probable cause hearing; and claims against Edwin L. Johnson for not providing the plaintiff an attorney when he asked and for coercing him into incriminating himself. Dkt. No. 19 at 21–25. The court also dismissed several defendants, including Ricardo Moran and Joshua Martinson. Id. at 13–15, 19–20.

The plaintiff has asked the court to reconsider its decision to dismiss two defendants—Moran and Martinson. Dkt. No. 21. The plaintiff cites Rule 54(b), which allows a court to revise at any time a non-final order that adjudicates fewer than all the claims or defendants in a multi-claim or multi-defendant case. See Galvan v. Norberg, 678 F.3d 581, 587 (7th Cir. 2012). Courts consider motions to revise a non-final order using the same standard courts apply when deciding whether to alter or amend a judgment under Fed. R. Civ. P. 59(e). Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Rule 59(e) allows a court to alter or amend a judgment "when there is newly discovered evidence or there has been a manifest error of law or fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). It is "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Id. (quoting Sedrak v. Callahan, 897 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff contends that the court dismissed Moran and Martinson only because it did not understand how they are tied to an alleged Fourth Amendment violation. Dkt. No. 21. Ricardo Moran is the victim of the crime that resulted in the plaintiff's prison term. In his amended complaint, the plaintiff alleged that Moran identified him out of a photo array. He alleged that he asked for a handwriting sample from Moran to prove that the signature on the array was forged, but that request was denied. The court did not commit a manifest error of law in dismissing Moran. The court dismissed Moran because Moran cannot be sued under 42 U.S.C. §1983. One of the requirements for liability under §1983 is that a defendant be acting under color of state law. This means that nearly every defendant in §1983 cases is a government official. London v. RBS Citizens, N.A., 600 F.3d 742, 746 (7th Cir. 2010) (internal citation omitted). Moran was a private citizen, not a government official. Moran is not a state actor and he cannot be sued under §1983.

The court explained in its screening order that the only allegation in the complaint regarding Joshua Martinson (a State Fair guard) was that "[h]ad Joshua P. Martinson . . . provided signature samples," the plaintiff would have been able to prove evidence tampering and forgery. Dkt. No. 19 at 19–20. In his motion to reconsider, the plaintiff reiterates that he needs to be able to prove that Martinson's signature was forged. But Martinson was not able to pick anyone, including the plaintiff, out of a photo array. Even if Martinson was acting under color of state law (which the court has already stated is not clear), Martinson's inability to identify anyone out of the photo array means he had

3

nothing to do with establishing probable cause to arrest the plaintiff. The plaintiff has not demonstrated that the court committed manifest error in dismissing Martinson.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 21.

Dated in Milwaukee, Wisconsin, this 11th day of March, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**