UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

RYAN P. O'BOYLE,

                            Plaintiff,

     v.                                                        Case No. 16-cv-0959-bhl

GILBERT CARRASCO, et al.,

                            Defendants.

_____

## ORDER
_____

        Plaintiff Ryan O'Boyle is representing himself in this §1983 action. On November 19, 2021, he filed a motion to compel discovery and a motion for default judgment. O'Boyle asserts that he served discovery requests on October 18, 2021 and, as of November 19, "ha[d] yet to receive anything." Dkt. No. 82. Undermining his own assertion, O'Boyle attaches a letter he received from Defendants' counsel on November 12, 2021. Dkt. No. 82-3. In the letter, counsel explains that she is enclosing Defendants' general objections to his requests. She also seeks to confer with O'Boyle and requests a short extension of time to provide O'Boyle with documents responsive to his requests. O'Boyle does not state in his motion if he responded to counsel's requests, but on November 24, 2021, Defendants responded to O'Boyle's motion to compel and explained that O'Boyle did *not* respond to counsel's letter. Defendants also assert that, as of November 23, 2021, they provided O'Boyle with their complete responses to his discovery requests.

        Civil Local Rule 37 requires that all motions to compel include "a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." In other words, before filing a motion to compel, a party needs to first discuss its dispute with the opposing party's lawyer. And, if they cannot work out the dispute and a party files a motion to compel, the party must include a certification in his motion that he first tried to work it out with the opposing party's lawyer. O'Boyle's motion does not

include the required certification, Defendants have confirmed that O'Boyle ignored their counsel's request to confer, and Defendants have now fully responded to O'Boyle's requests. Accordingly, the Court will deny his motion to compel.

The Court reminds O'Boyle that parties are often able to resolve their discovery disputes without the Court's involvement, which saves both the Court and the parties time and resources by avoiding unnecessary motion practice. Counsel requested a short extension of time, and the Court cannot imagine any reason why O'Boyle would ignore or deny such a request, particularly in light of the multiple extensions of time he has received. The Court urges the parties to work together in good faith, to be flexible where appropriate, and to involve the Court in discovery disputes only when necessary.

The Court will also deny O'Boyle's motion for default judgment. He asserts that "no answer or other viable defense has been filed by the Defendants via counsel or otherwise." Dkt. No. 83. O'Boyle is incorrect. Defendants filed their answer and affirmative defenses on February 27, 2020. *See* Dkt. No. 30.

**IT IS THEREFORE ORDERED** that O'Boyle's motion to compel (Dkt. No. 82) and his motion for default judgment (Dkt. No. 83) are **DENIED**.

Dated at Milwaukee, Wisconsin on November 30, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge