UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYAN O'BOYLE,

                  Plaintiff,

v.                                    Case No. 16-CV-959

GILBERT CARRASCO, et al.,

                  Defendants.

---

## PROPOSED FINDINGS OF FACT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

Defendants, by and through their undersigned counsel, Tearman Spencer, City Attorney, and Jennifer DeMaster, Assistant City Attorney, do hereby submit the following Proposed Findings of Fact in support of Defendants' Motion for Summary Judgment, seeking dismissal with prejudice of Plaintiff Ryan P. O'Boyle's case and all claims against Defendants Gilbert Carrasco, Michael Antoniak, Kristopher Maduscha, and Mary Schmitz. In support of Defendants' motion for summary judgment, Defendants propose the following findings of fact in relation to Plaintiff's claims:

    1.    Plaintiff Ryan P. O'Boyle is an adult male who currently resides at 4715 W Howard Ave, Greenfield, WI 53220. Dkt. No. 44.

    2.    Ryan P. O'Boyle was previously an inmate (DOC No. 00593381) serving a sentence for Second Degree Attempted Homicide with a Deadly Weapon at the Kettle Moraine Correctional Institution, located at W9071 Forest Drive, Plymouth, Wisconsin 53073. *See* Milwaukee County Case Number 2011CF003261 ("*State of Wisconsin vs. Ryan Paul O'Boyle*"); Wisconsin Dept. Corrections, Offender Status, *available at* https://appsdoc.wi.gov/lop/detail.do.

3. Plaintiff Ryan P. O'Boyle ("O'Boyle") was released from Kettle Moraine Correctional Facility custody on June 9, 2020 is now on Active Community Supervision status under the custody of the Wisconsin Department of Community Corrections. *See id.*

4. Defendant Gilbert Carrasco was a police officer with the City of Milwaukee Police Department ("MPD"), holding the rank of Detective in July 2011 and served for over twenty-seven (27) years before retiring from the MPD in 2017. Decl. Carrasco ¶¶ 1, 2.

5. At all times relevant to the claims arising in this case, Gilbert Carrasco was acting pursuant to his duties as a Detective with the Milwaukee Police Department. *Id.*

6. Defendant Michael Antoniak is a police officer with the City of Milwaukee Police Department ("MPD") and has served as a police officer with the MPD for over 17 years. Decl. Antoniak ¶ 1.

7. At all times relevant to the claims arising in this case, Michael Antoniak was acting pursuant to his duties as a police officer for the Milwaukee Police Department. *Id.* ¶ 3.

8. Defendant Kristopher Maduscha is a police officer with the City of Milwaukee Police Department ("MPD") and has served as a Milwaukee police officer 16 years. Decl. Maduscha ¶ 1.

9. At all times relevant to the claims arising in this case, Kristopher Maduscha was acting pursuant to his duties as a police officer for the Milwaukee Police Department. *Id.* ¶ 3.

10. Defendant Mary Schmitz was a police officer with the City of Milwaukee Police Department ("MPD"), holding the rank of Detective in July 2011 and served the MPD until she retired in 2017. Decl. Schmitz ¶ 1.

11. At all times relevant to the claims arising in this case, Mary Schmitz was acting pursuant to her duties as a Detective with the Milwaukee Police Department. *Id.* ¶ 2.

12. This is a civil rights action over which the District Court for the Eastern District of Wisconsin has original jurisdiction under Title 28, U.S.C. § 1343. Amend. Compl. Dkt. No. 25 at 1.

13. The action allegedly arises out of the Fourth and Fourteenth Amendments of the United States Constitution, and in particular, 42 U.S.C. § 1983. *Id..;* Dkt. No. 19 at 5 – 6.

14. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. *Id.*

15. All incidents and actions giving rise to the claims in this case occurred within the Eastern District of Wisconsin, and therefore, venue is proper in this court pursuant to 28 U.S.C. § 1391. *Id.*

16. On July 8, 2011, an adult male (Ricardo Moran) was stabbed twice in the abdomen while attending a concert at Milwaukee's Summerfest Festival. Brief in Supp. Defs. Mot. Summ. Judg., Exs. A & C.

17. The City of Milwaukee Police Department conducted a preliminary investigation of the stabbing incident between July 8, 2011 and July 10, 2011, conducting witness interviews, victim interviews, and evidence gathering which led to the MPD's identification of Ryan P. O'Boyle (hereinafter "O'Boyle") as the main suspect in the stabbing incident. Brief in Supp. Defs. Mot. Summ. Judg., Ex. C.

18. On July 10, 2011 at approximately 11:00 PM, another investigating police officer (not listed in this current case) ran a Department of Transportation search on O'Boyle's location and found his last known address to be 5319 S 43 Street, Greenfield, Wisconsin. Brief in Supp. Defs. Mot. Summ. Judg., Ex. C.

19. Another MPD investigating officer (unnamed in the instant case) issued a Temporary Felony Want ("TFW") at approximately 11:57 PM for Ryan O'Boyle notifying all

police officers on duty that law enforcement had probable cause to believe O'Boyle had committed a felony "crime against person" and ordering "full extradition." Brief in Supp. Defs. Mot. Summ. Judg., Ex. F.

20. Milwaukee Police Officers know that a Temporary Felony Want ("TFW") in the Milwaukee Police Department is an interdepartmental memo stating that law enforcement has found there is probable cause to arrest a felony suspect for a temporary period of time. *See e.g.* Decl. Antoniak ¶¶ 5, 7; *See also id.*

21. Detective Gilbert Carrasco ("Det. Carrasco") was on duty the night of July 10, 2011 when the TFW was issued and after deciding to follow up on the TFW for O'Boyle, Det. Carrasco called for backup police units to assist him in going to O'Boyle's last known address at 5319 S. 43 Street in Greenfield, Wisconsin at approximately 12:30 AM on July 11, 2011. Decl. Carrasco ¶ 3.

22. Police Officers Michael Antoniak ("Antoniak") and Kristopher Maduscha ("Maduscha") received a backup call from Det. Carrasco and reviewed the TFW for O'Boyle at approximately 12:57 AM on July 11, 2011 before driving to meet Det. Carrasco and the other officers at O'Boyle's last known address. *Id*.

23. Det. Carrasco, Officer Antoniak, Officer Maduscha and other Milwaukee police officers (unnamed in the instant case) approached the door of O'Boyle's last known residence, and the door was answered by a woman officers believed to be named Noreen Esselman (hereinafter "Mrs. Esselman") at approximately 1:10 AM on July 11, 2011. Decl. Carrasco ¶ 6.

24. Mrs. Esselman identified herself as the homeowner of the residence, and she confirmed that (1) her daughter Kate Esselman was O'Boyle's girlfriend, (2) O'Boyle was currently in her home at that moment. *Id.*; Decl. Antoniak ¶ 9; Decl. Maduscha ¶ 9.

25. Mrs. Esselman consented to the Milwaukee Police Officers entering her home for the purpose of arresting O'Boyle based on the TFW at approximately 1:30 AM, where officers recall finding him in a common area of the home. Decl. Carrasco ¶ 6; Decl. Antoniak ¶ 11; Decl. Maduscha ¶ 11.

26. Gilbert Carrasco, Michael Antoniak, and Kristopher Maduscha all believed that Mrs. Esselman had authority to provide lawful consent to enter her home where O'Boyle was staying at the time, and each officer believed that their entry into the Esselman residence common areas at 5319 S 43 Street, Greenfield, Wisconsin was lawful pursuant to their duties. *Id*.

27. While still at the Esselman residence, Detective Carrasco spoke with Kate Esselman, O'Boyle's girlfriend, and received her express consent to search she and Ryan O'Boyle's shared bedroom for the purpose of locating the knife involved in the July 8 stabbing shortly after O'Boyle's arrest at 1:35 AM. Decl. Carrasco ¶ 9; Brief in Supp. Defs. Mot. Summ. Judg., Ex. C at 15 – 16.

28. Following his arrest, police officers Antoniak and Maduscha transported O'Boyle to the Milwaukee Police Administration Building Central Booking Department at approximately 1:50 AM on July 11, 2011, and both officers left the Police Administration Building once O'Boyle was fully processed with the officers on duty at approximately 2:09 AM on July 11, 2011. Decl. Maduscha ¶¶ 12 – 13; Decl. Antoniak ¶¶ 12 – 13.

29. Officers Michael Antoniak and Kristopher Maduscha had no role nor involvement in investigating the July 8, 2011 stabbing at Summerfest nor the investigation of O'Boyle; and their only involvement was the backup call to aid in carrying out the TFW and arresting or transporting O'Boyle on the night of July 10 – 11, 2011. *See* Decl. Antoniak ¶ 7.

30. At 3:42 AM on July 11, 2011, Detective Gilbert Carrasco filled out a Milwakee Police Department Form PA-45, entitled "Milwaukee Police Department Arrest-Detention Report" as well as a Form CR-215 entitled "Probable Cause Statement and Judicial Determination," which Det. Carrasco then filed and submitted for a judicial determination related to O'Boyle's July 11, 2011 arrest and initial detention. Brief in Supp. Defs. Mot. Summ. Judg., Exs. B & D; Decl. Carrasco ¶¶ 8, 10.

31. City of Milwaukee police officers know that a CR-215 "Judicial Determination Form" is the Milwaukee Police Department's official form for seeking a judicial determination in order to comport and comply with the constitutional "48-hour" requirement for persons arrested without an arrest warrant. *Id.* at 11.

32. On July 12, 2011 at 3:40 PM, Milwaukee Circuit Judge Barry Phillips signed Detective Carrasco's CR-215 and provided a judicial determination that he found there was probable cause to believe that Ryan O'Boyle had committed the felony charge (Wis. Stat. § 941.30(1) Reckless Endangerment to Safety) for which O'Boyle had been arrested by the MPD on July 11, 2011 at 1:35 AM; and Circuit Judge Barry Phillips set bail for O'Boyle at $40,000.00 on June 12, 2012. Brief in Supp. Defs. Mot. Summ. Judg., Ex. D.

33. The total time between O'Boyle's arrest and Judge Phillips judicial determination related to O'Boyle's arrest was approximately thirty-eight (38) hours. *See id*.

34. Det. Gilbert Carrasco did not issue the initial TFW against O'Boyle on July 10, 2011, and, following his consented search of Kate Esselman's bedroom for the stabbing weapon on July 11, 2011, Det. Carrasco's only role in the investigation of O'Boyle was submitting the MPD Forms PA-45 and CR-215 to a judicial authority and speaking to another police officer who

6

was previously on duty at Summerfest the night of July 8, 2011 when the stabbing incident occurred. Decl. Carrasco ¶¶ 8 – 14.

35. The Milwaukee Police Department is not connected to, nor a division of, the Milwaukee County District Attorney's Office; and the MPD does not decide when or how the District Attorney will charge an arrested person because those decisions are made by the District Attorney (DA) who decides final charges and directs the criminal prosecution proceedings of an arrested person. *See e.g.* Wis. Stat. 978.

36. After reviewing the Milwaukee Police Department investigative reports on O'Boyle and the July 8, 2011 stabbing incident, the Milwaukee District Attorney at the time requested that the Milwaukee Police Department draft a "complaining witness statement" for the DA's criminal complaint against O'Boyle around July 15, 2011. Decl. Schmitz ¶ 2; *see* Amend. Compl. Dkt. No. 25 at 9 – 10.

37. On or around July 15, 2011, Detective Mary Schmitz was ordered to draft and submit the "complaining witness statement" to the District Attorney on behalf of the MPD, which she completed and submitted to the DA on July 15, 2011. *Id.*

38. To complete her "complaining witness statement" on behalf of the MPD, Det. Schmitz reviewed and researched all the available official reports, evidence, statements, and accounts related to O'Boyle's arrest and the July 8 stabbing incident which had been gathered by other police officers within the MPD based on their official findings as normally done throughout her service as a Milwaukee police officer. Decl. Schmitz ¶¶ 4 – 5; *see also* Amend. Compl. Dkt. No. 25 at 9 – 10.

39. Detective Mary Schmitz was not involved in O'Boyle's investigation, initial detention, nor the DA's criminal complaint time frame beyond fulfilling her duties to review the

7

Case 2:16-cv-00959-BHL    Filed 12/30/21    Page 7 of 9    Document 94

official police reports and submit her statement to the DA on behalf of the MPD on July 15, 2011. Decl. Schmitz ¶¶ 3, 6.

40. On July 15, 2011, O'Boyle posted bail for the DA's additional and amended charges in the amount of $1,000.00 and was released from custody pending his criminal trial. Brief in Supp. Defs. Mot. Summ. Judg., Ex. E.

41. Prior to the start of his criminal trial in the Milwaukee Circuit Court in 2012, O'Boyle attempted to suppress evidence claiming the July 11, 2011 entry into Mrs. Esselman's home was unlawful; but O'Boyle decided to drop his "unlawful entry" argument thus acknowledging that Mrs. Esselman had indeed consented to the Milwaukee Police Officers entry of her home on July 11, 2011—the incident that gave rise to the claims herein. *See* Decl. Gehling in Support of Defs. Mot. Judg. Pleadings, Ex. A, Dkt. No. 61-1.

*42.* Between May 29, 2012 – June 1, 2012, a jury trial was held in the Milwaukee Circuit Court for Ryan O'Boyle. *See* Milwaukee County Case Number 2011CF003261 ("*State of Wisconsin vs. Ryan Paul O'Boyle*").

*1.* On July 1, 2012, O'Boyle was convicted by a jury in the Milwaukee Circuit Court of "Second Degree Attempted Homicide with a Dangerous Weapon" and sentenced on September 28, 2012. *Id.*

*2.* O'Boyle sought post-conviction relief with the Court on November 26, 2013 and was denied his motion for post-conviction relief on December 18, 2013; which the Wisconsin Court of Appeals affirmed on November 4, 2014, followed by the Circuit Court's denial of O'Boyle's motion for reconsideration on December 11, 2017. *Id.*

*3.* O'Boyle filed his first and only civil complaint against Defendant police officers Carrasco, Antoniak, Maduscha, Schmitz (and several other public officials) on July 20, 2016—

8

over five years after his July 2011 arrest and detention had occurred. *See* Dkt. No. 1; *see also* Dkt. No. 19.

4. O'Boyle has no witnesses or testimony beyond his own individual statements that can corroborate his claims that officers Carrasco, Antoniak and Maduscha unlawfully entered his home and did not receive consent from Mrs. Esselman—the homeowner—on July 11, 2011.

5. O'Boyle has no evidence that can corroborate his claims, beyond his own allegations, that he was unlawfully denied a judicial determination within 48 hours of his July 11, 2011 arrest.

Dated and signed in Milwaukee, Wisconsin this 30th day of December, 2021.

TEARMAN SPENCER
City Attorney

/s Jennifer DeMaster
JENNIFER DEMASTER
Assistant City Attorney
State Bar No. 1124201
*Attorneys for Defendants*
*Gilbert Carassco, Kristopher Maduscha,*
*Michael Antoniak, and Mary Schmitz*

ADDRESS:
200 East Wells Street, Room 800
Milwaukee, WI 53202
Telephone: (414) 286-2601
Facsimile: (414) 286-8550
Email: jdemast@milwaukee.gov

1032-2020-27/277969