UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN P. O'BOYLE,

          Plaintiff,

v.                                                       Case No. 16-cv-0959-bhl

GILBERT CARRASCO, et al.,

          Defendants.

## NOTICE AND ORDER

Plaintiff Ryan P. O'Boyle, who is representing himself, filed a complaint under 42 U.S.C. §1983. On December 30, 2021, Defendants filed a motion for summary judgment. Dkt. No. 87. Under Civil L. R. 56(b)(2), O'Boyle's response materials are due within thirty days of service of the motion, or by **January 31, 2022**. In responding to the motion, O'Boyle must respond to each of the proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact. If he does not indicate one way or the other, the Court will assume that he does not dispute the proposed fact and will accept the fact as true. O'Boyle must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the Court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.[1] An unsworn declaration is a way for a party to tell his side of the story while declaring to the Court that everything in the declaration is true and correct. O'Boyle must also respond to the legal arguments in the brief.

---

[1] At the bottom of his declaration, he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

If O'Boyle fails to respond to the motion by the deadline, the Court will accept all facts asserted by Defendants as undisputed, which will likely result in summary judgment being granted in Defendants' favor and the case being dismissed. Further, the Court reminds O'Boyle that, under General L. R. 83(f) and Civil L. R. 7(d), his failure to respond to Defendants' motion may be sufficient cause for the Court to grant the motion as a sanction for noncompliance with Civil L.R. 56 and this order.

If O'Boyle believes he needs additional time to prepare his response materials, he must file a motion asking the Court to extend the deadline *before* his response materials are due. If he files such a motion, he must explain why he needs additional time and how much additional time he needs.

**IT IS THEREFORE ORDERED** that, if by **January 31, 2022**, O'Boyle does not respond to the summary judgment motion or does not request additional time to do so, the Court will accept all facts asserted by Defendants as undisputed and may grant the motion as a sanction for noncompliance with this order and the local rules. *See* General L. R. 83(f); Civil L.R. 7(d).

Dated at Milwaukee, Wisconsin on January 3, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
